C. Lynn Lowder, Randall Monroe, Pretzel & Stouffer, Chartered, Chicago, Ill., for defendants.

**Joseph ROTONDI, Plaintiff,**

**v.**

**OCEAN SPRAY CRANBERRY JUICE, INC.; Strack and Van Til Supermarket, Inc., Defendants.**

**No. 85 C 8295.**

United States District Court, N.D. Illinois, E.D.

April 7, 1988.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Joseph Rotundi ("Plaintiff") has sued defendant Strack and Van Til Supermarket ("Defendant"), among others, for injuries he sustained when a gallon jar of Ocean Spray Cranberry Juice (allegedly) exploded in his hand as he removed it from a shelf in Defendant's store. He has now moved for partial summary judgment on the issue of liability. For the reasons set forth below, the motion will be denied.

## DISCUSSION

Plaintiff contends that, under the Indiana version of the Uniform Commercial Code, West's Ann.Ind.Code § 26–1–2–314(1), (2)(c), (e), Defendant will be strictly liable under a warranty theory of liability provided Plaintiff can prove the following:

(1) That he took possession of the jar with the intent to pay for it;

(2) That jar exploded while it was in his hands; and

(3) That the explosion proximately caused his injuries.

Plaintiff further claims that, because he is the only witness to the incident, and because he has submitted an affidavit stating that he intended to pay for the bottle when he picked it up, that it exploded when he did so, and that the explosion caused his injuries, he is entitled to judgment as a matter of law.

The thrust of Plaintiff's argument is that his affidavit is sufficient to shift the burden of producing evidence establishing the existence of a genuine issue of material fact to Defendant, and that because Defendant can produce no witnesses to the incident, Defendant cannot satisfy its burden. The court disagrees.

Although the general rule is that "[n]either a desire to cross-examine affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment," *Frederick S. Wyle, P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985), this does not mean that a party can avoid the rigors of cross-examination merely because certain information is within his exclusive possession. On the contrary, where a moving party bears the burden of persuasion on a factual issue and the information bearing on that issue falls within his or her exclusive knowledge, the "prospective impeachment of the movant's evidence, without more, can suffice to preclude summary judgment." *Wilmington Trust Company v. Manufacturers Life Ins.*, 624 F.2d 707, 709 (5th Cir.1982). *Compare Kaszuk v. Bakery and Confectionary Union*, 791 F.2d 548, 559 (7th Cir.1986) (where *defendant* bears the burden of persuasion on a factual issue, defendant's failure to produce evidence challenging plaintiff's sworn statements regarding that issue permits the entry of summary judgment against defendant).

In other words, where questions of fact turn exclusively on the credibility of a party who bears the burden of persuasion, "the burden of providing evidence may never shift to the opponent." Bauman, A Rationale for Summary Judgment, 33 *Ind.L.J.* 467, 483–84 (1958), *quoted in* 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil § 2727 at 143. *See also Thornton v. Evans*, 692 F.2d 1064, 1075 (7th Cir.1982) ("The drafters of Rule 56(e) made clear in their comments to the rule that '[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, *summary judgment must be denied even if no opposing evidentiary matter is presented.*' "), *quoting* Advisory Committee Notes to Rule 56 (1963 amendments) (emphasis added).

For Plaintiff to recover for breach of warranty, he must prove that he intended to purchase the jar when he picked it up, that the jar exploded in his hand, and that the injuries he suffered resulted from the explosion. He is the only one who can testify on these issues; yet, if he fails to persuade the trier of fact that things were the way he claims, Defendant will win even if it is unable to produce any evidence on these issues. In deciding whether not to believe Plaintiff, the trier of fact will, no doubt, take into consideration his interest in the affair. To grant Plaintiff's motion for summary judgment would be to usurp the factfinder's crucial role.

## CONCLUSION

Plaintiff's motion for partial summary judgment on the issue of liability is denied.