958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KENTUCKY CENTRAL LIFE INSURANCE COMPANY,
Plaintiff/Cross-Defendant/Appellee,
v.
MARIN BAY PARK TRUST, Paul Dyer Hunt, Stuart R. Dole, and
Dorothy L. McMath as Trustees of Marin Bay Park
Trust, Defendant/Cross-Complainants/Appellant.
KENTUCKY CENTRAL LIFE INSURANCE COMPANY; Robert J.
Levinger, Plaintiffs-Appellees,
v.
MARIN BAY PARK TRUST, Paul Dyer Hunt, Stuart R. Dole, and
Dorothy L. McMath as Trustees of Marin Bay Park Trust; Paul
Dyer Hunt; Stuart R. Dole; Dorothy L. McMath, as Trustees
of Marin Bay Park Trust; Jane V. Hunt, Defendants-Appellants.
 Nos. 91-15004, 91-15276.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1992.
Decided March 27, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 Kentucky Central Life Insurance Company issued a $1 million term life insurance policy insuring the life of Peter Hunt. Hunt died of lung cancer six months after the policy was issued. Kentucky Central filed suit in the district court to rescind the policy on the ground that Hunt misrepresented his smoking history on the application for the policy. The defendants, Hunt's inter vivos trust which was the beneficiary of the policy and the trustees of the trust, counterclaimed alleging negligence, breach of implied covenant of good faith and fair dealing, conspiracy and other state law claims.
 
 
 3
 The district court granted Kentucky Central's motion for summary judgment, entered judgment in favor of Kentucky Central for rescission, and dismissed the counterclaims. The defendants appeal. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 DISCUSSION
 
 4
 We review the district court's decision to grant summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is proper if no factual issues exist for trial. The party opposing summary judgment "must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Lindahl v. Air France, 930 F.2d 1434, 1436-37 (9th Cir.1991).
 
 
 5
 Kentucky Central met its initial burden in support of its motion for summary judgment because the signed application reflects that Hunt made a material misrepresentation on his insurance policy. Indeed, the appellants acknowledge that the application misrepresents the fact that Hunt smoked within 24 months of the application. See Appellants' Opening Brief at 1 ("Kentucky Central's investigation disclosed evidence that Mr. Hunt ... had smoked within two years of the application"); Appellants' Reply Brief at 3 ("Hunt told his doctors ... that he had quit smoking ... in January 1988, eight months before the policy was issued"); see also District Court Order Granting Summary Judgment filed August 22, 1990 3-5 (summarizing medical records indicating that Hunt smoked within the applicable period).
 
 
 6
 An insured's misrepresentation regarding his smoking history on an application for a policy of life insurance is material. Old Line Life Ins. Co. v. Superior Court, 229 Cal.App.3d 1600, 1605-06 (1991). This is true even if, as here, the insurance company would have issued a policy for the applicant at a higher smoker's rate. Id.
 
 
 7
 Sections 331 and 359 of the California Insurance Code provide that material misrepresentations or concealments in an application for insurance are grounds for rescission of the policy. See Old Line Life Ins. Co. v. Superior Court, 229 Cal.App.3d at 1603. However, a false statement in an application for insurance will not bar recovery under the policy unless the false statement was made with an intent to deceive, or the statement did not materially affect either the acceptance of the risk or the hazard assumed by the insurer. Cal.Ins.Code § 10380. Moreover, the signature of the insured on the application for insurance does not foreclose the argument that the insured failed to recall the facts represented or to appreciate their significance.[1] Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 918 n. 5 (1973). Although an insured under California law has a duty "to read the contract and the application in accordance with her representations and to report to the company any misrepresentations or omissions," Telford v. New York Life Ins. Co., 9 Cal.2d 103, 107 (1937), an insurance company may not rescind a policy if the insured in good faith gives truthful answers to application questions, but the answers "owing to the fraud, mistake, or negligence of the agent filling out the application are incorrectly transcribed." Boggio v. California-Western States Life Ins. Co., 239 P.2d 144, 146 (Cal.1952).
 
 
 8
 Once Kentucky Central established that the application contained a material misrepresentation, the appellants were required to come forward with evidence to support their contention that, notwithstanding the misrepresentation, Kentucky Central could not rescind the policy. To do this, they asserted that the agent, Levinger, was responsible for the misrepresentation, suggesting that Levinger either misread the question to Hunt or misrecorded his answer. However, they presented no evidence to support this assertion.
 
 
 9
 Levinger testified that he asked Hunt the questions on the application, checked the appropriate boxes, and watched Hunt sign the application. This testimony is uncontroverted.[2]
 
 
 10
 The appellants argue there is a genuine issue of material fact whether Levinger negligently or fraudulently induced Hunt to sign the application containing the misrepresentation. They contend summary judgment is inappropriate because a jury could disbelieve Levinger's testimony.
 
 
 11
 This argument misses the mark. It skips a step in the summary judgment process. Before we get to a consideration of the credibility of Levinger's testimony, the appellants must do something more than simply offer conjecture that he might have acted improperly. They must produce some evidence that Levinger did something to bring about the misrepresentation on the application. They have not done so. They have offered nothing to call Levinger's credibility into question except unsupported allegations. See Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 608-09 (9th Cir.1985) (summary judgment appropriate where the defendants have met their burden and the plaintiff failed to offer any evidence demonstrating the existence of a material issue of fact concerning the affiants' credibility). This is not a case "where questions of fact turn exclusively on the credibility of a party who bears the burden of persuasion." Rotundi v. Ocean Spray Cranberry Juice, Inc., 682 F.Supp. 397, 398 (N.D.Ill.1988) (emphasis added).
 
 
 12
 This case is similar to Wilson v. Western Nat'l Life Ins. Co., 235 Cal.App.3d 981 (1991). In Wilson, the plaintiff opposed the defendant insurance company's motion for summary judgment. The plaintiff did not dispute that she and the decedent omitted medical information from their insurance application, but she argued that a triable issue of fact existed because the trier of fact could conclude that the plaintiff and the decedent "perhaps ... forgot about or did not understand the significance of such information." Id. at 991. The court upheld summary judgment on the ground that the "plaintiff has come forward with no evidence upon which such a finding could be made." Id.
 
 
 13
 The appellants also suggest we should rewrite California law to prohibit a life insurance company from rescinding a policy on the basis of misrepresentation unless the misrepresentation is in the insured's own handwriting or specifically initialed by the insured. We decline to do so.
 
 
 14
 The appellants argue that Levinger was negligent because he failed to have Hunt personally write his answers on the application, he solicited Hunt's interest by quoting a nonsmoker rate without determining that Hunt qualified for that rate, and he failed to advise Hunt that other policies required a shorter no smoking period. The appellants point to no California law imposing these duties upon insurance agents.
 
 
 15
 Finally, we reject the appellants' argument that the smoking question on the application was ambiguous. The existence of an ambiguity may be determined as a matter of law. James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1564 (9th Cir.1986). The question asked: "Has Proposed Insured smoked cigarettes in the last 24 months?" We agree with the district court. "The argument [that this question is ambiguous] borders on the frivolous. The question could hardly be more plain or straightforward." District Court Order, August 22, 1990, 6-7.
 
 CONCLUSION
 
 16
 The judgment of the district court is AFFIRMED. Kentucky Central Life Insurance Co. and Robert J. Levinger shall recover their costs on appeal from appellants Marin Bay Park Trust, Paul Dyer Hunt, Stuart R. Dole and Dorothy L. McMath as Trustees of Marin Bay Park Trust; Paul Dyer Hunt; Stuart R. Dole; Dorothy L. McMath, as Trustees of Marin Bay Park Trust, and Jane V. Hunt.
 
 
 17
 REINHARDT, Circuit Judge, concurring separately:
 
 
 18
 This case does not present a conflict solely between the testimony of an insurance agent and the words that might be spoken by a deceased insured. Rather there is independent verification on the principal "disputed" point by a witness allied in interest with the deceased. For this reason I concur in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Further, omissions may be excused if it can be inferred that the company's agent gave the insured the impression that "additional responses were unnecessary." Id. This is irrelevant here, however, because the application reflects not simply an omission, but rather an affirmative misrepresentation
 
 
 [2]
 There is additional evidence that all of the boxes on the application form were checked before the application was signed by Hunt. Stuart R. Dole, one of the trustees of the trust beneficiary of the policy, testified that the application was filled out before he signed it, and that he signed the application at Hunt's request right after the Hunt-Levinger meeting. Dole is an independent witness whose interest is allied with the defendants/appellants. His testimony, like Levinger's, is uncontroverted